CONSTANCE SEMEL, Tutrix, *v.* J. M. GOULD et al.

Where work was done on the road and levee under a contract with the Police Jury, in which it was
stipulated that the contractor should not look to the parish for payment but to the owner of the
land, and it turned out that the land on which the road and levee was made belonged to the United
States, it was held that the parish was liable.

There was an implied warranty on the part of the Police Jury, that the land on which the work was
to be done belonged to persons whose property could be reached under their ordinances, to defray
the expenses of such work.

APPEAL from the District Court of West Baton Rouge, *Robertson*, J.
*Provosty* and *Farrar*, for plaintiff.    *U. B. & E. Phillips* and *Haralson*,
for defendants and appellants.

VOORHIES, J.    The plaintiff, as surviving spouse of the late *Charles Semel*
and natural tutrix of her minor child, *Eudora Semel*, sole issue of her marriage
with deceased, instituted suit against the defendant, *John M. Gould*, for the
recovery of $800, alleged to be for work done on a road and levee on his land
fronting on the Mississippi, under a contract entered into between the deceased
and the Police Jury of Pointe Coupée on the 22d of September, 1849, said land
being then assessed as the property of *Verbal* and *Chambers*.

The defendant, *Gould*, filed an answer setting up various matters of defence,
among others, that he had purchased said land subsequent to the existence of
said claim or privilege, if any existed upon it, from *Jean Lachand*, with a general
and special warranty.    Whereupon he prayed for and obtained an order to cite
his vendor in warranty.

The warrantor filed an answer alleging that he had purchased the land on
which the claim or privilege was sought to be enforced from the United States
as public land subsequent to the period when the alleged work was done under
the police regulations ; and, consequently, acquired the same free from all liens,
privileges and mortgages whatever.

The plaintiff thereupon filed a supplemental petition, alleging that if the land
belonged to the United States when the alleged work was performed, and was
not subject to the charge thus imposed upon it, then the Police Jury of the
parish of Pointe Coupée was liable for the payment of her claim, as the work
had been performed in good faith by the deceased for the benefit of the parish ;
and prayed that the Police Jury be cited and condemned to pay her the price
thus stipulated for said work.

The Police Jury, in answer, claimed to be exempted from liability under the
following clause of the contract, to wit :

" And the said *Paul Joffrion* does, by these presents, stipulate that the
parish of Pointe Coupée will in no manner be bound for the payment of said
work, and that the aforesaid owners must and ought to be bound for the pay-
ment of the same.    To all of which the said contractor agrees."

There was judgment in favor of the plaintiff against the Police Jury, and the
latter appealed.

The evidence shows conclusively that the land on which the work was per-
formed, under the contract, was a portion of the public domain and continued to
be so long after the completion of said work ; that said road was of great service
to the parish, and the levee a protection to a large portion thereof from inun-
dation.

29

SEMEL
*v.*
GOULD.

We consider the appellants, under the authority of the case of *Cronan* v. *Municipality No. One*, 5 An. 537, to be liable to the plaintiff. The clause of the contract under which they seek to shelter themselves, was certainly not intended to secure to the public the benefit of work so essential to its use and protection from inundation at the expense of the contractor. In making the contract, there was an implied warranty on the part of the Police Jury that the land on which the work was to be done belonged to persons whose property could be reached under their ordinances to defray the expenses of such works.

It is, therefore, ordered, that the judgment of the court below be affirmed. with costs.